IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GREGORY ANTOINE WILLIAMS | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. JKB-14-3823 |
| UNITED STATES, *et al.,* | * | |
| Defendants | * | |
| | *** | |

## MEMORANDUM

The above-captioned Complaint was filed on December 3, 2014.  Plaintiff has neither paid the filing fee nor moved for leave to proceed in forma pauperis.  Plaintiff is incarcerated at the Federal Correctional Institution in Cumberland, Maryland.  Because Plaintiff appears to be indigent, he shall be granted leave to proceed in forma pauperis.

Plaintiff names as Defendants the United States, the Honorable Deborah K. Chasanow, United States Attorney Rod J. Rosenstein, Assistant United States Attorneys Gerald Akida Asim Collins and Jennifer Sykes, and attorney James Rudasill, Jr.  He indicates that the complaint is brought pursuant to this Court's maritime jurisdiction and that he seeks unspecified declaratory judgment.  The seventeen-page complaint is entitled "Verified Complaint in Admiralty for Attachment and Garnishment in Rem and In Personam and Affidavit in Support" and is nothing more than recitation of statutes and legal standards.

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  Once a

claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.  *Id*. at 561.

Further, under Federal Rule of Civil Procedure 8(a), a pleading which sets forth a claim for relief, shall contain "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought…."   Moreover, each "allegation must be simple, concise, and direct."   Fed. R. Civ. P. 8(d)(1).  "Threadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The court has thoroughly examined the complaint and finds that it is insufficient and does not comply with federal pleading requirements.   Instead of a concise statement of facts as to the underlying cause of action, the complaint is replete with legal statements and conclusions.   If even after affording the matter a generous construction the court cannot determine the precise nature and jurisdictional basis of the complaint, one can only imagine the difficulties which would ensue in having defendants attempt to answer the complaint.   It is well-settled law that complaint allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Swierkiewicz v. Sorema N. A*., 534 U.S. 506, 512 (2002) (internal quotation marks omitted).

Moreover, a complaint that is totally implausible or frivolous, such as this, may be dismissed sua sponte for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).  *See Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *O'Connor v. United States*, 159 F.R.D. 22 (D. Md. 1994); *see also Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (federal

district judge has authority to dismiss a frivolous suit on his own initiative). Plaintiff has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on his behalf. The case will be dismissed by separate Order.

DATED this 12th day of December, 2014.

                                                       BY THE COURT:

                                                       _____/s/_____
                                                       James K. Bredar
                                                       United States District Judge